■ ELIZABETH M. AUSEREHL et al., Appellants, v JAMAICA BUILDERS SUPPLY CORP., et al., Respondents.—Appeal from (1) an order of the Supreme Court at Special Term, entered September 24, 1975 in Schenectady County, which denied plaintiffs' motion for partial summary judgment as to the first and second causes of action alleged in the complaint and granted defendants' motion for partial summary judgment dismissing said first and second causes of action; and (2) the judgment entered thereon. In 1935, defendant, Julius Auserehl, organized and provided all the capital for two corporations, Jamaica Builders Supply Corp. (Jamaica) and Auserehl & Son Contracting Corp. (Auserehl & Son). Julius had two sons, Albert and William, who acquired ownership interests in both of the corporations. Plaintiffs in this action are the widow, children and grandchildren of Albert Auserehl, who died in 1969. On June 24, 1970 a formal plan of merger pursuant to article 9 of the Business Corporation Law was executed wherein it was agreed that Auserehl & Son would be merged with Jamaica, and Jamaica become the surviving corporation. Immediately prior to this execution, plaintiffs were the majority stockholders in both corporations. Julius Auserehl, however, had no ownership interest in Auserehl & Son but he did own 10 shares of Jamaica class A voting stock. The plan provided that Jamaica was authorized to issue 2,010 shares of class A voting stock. The number of shares of

Auserehl & Son to be traded for stock of the surviving corporation was set forth in the plan, as well as a provision naming all of the shareholders in Jamaica, except Julius Auserehl, and requiring each named shareholder to turn in his or her shares in Jamaica. Julius Auserehl's name does not appear in the plan. On July 9, 1970, certificates were issued by Jamaica to those persons designated in the plan of merger giving the family of Albert Auserehl and the family of William Auserehl each 1,000 shares of class A voting stock. On this same date, Julius Auserehl delivered his certificates for 10 shares of class A voting stock in Jamaica and received a new certificate stating that he is the owner of 10 shares of class A voting stock in Jamaica. At all meetings subsequent to the merger and prior to the annual meeting on July 9, 1974, defendant, Julius Auserehl, has voted his shares in concert with those of the family of William Auserehl. At that annual meeting his shares were again voted together with the shares owned by the members of William Auserehl's family, resulting in the election of defendants, Julius Auserehl, William Auserehl and Scott Lundstedt, as directors of Jamaica. This action was commenced shortly after the 1974 election, plaintiffs' seeking in their first cause of action to rescind the issuance of the 10 shares of Jamaica stock to Julius Auserehl and in their second cause of action to annul the results of the 1974 election. Plaintiffs moved for partial summary judgment in respect to these two causes of action and defendants cross-moved for dismissal of both causes of action. Plaintiffs' motion was denied while defendants' motion to dismiss the first and second causes of action was granted. This appeal ensued. Plaintiffs contend that no provision was made in the plan of merger for the issuance of shares in Jamaica to Julius Auserehl and, therefore, the issuance of shares to him contravenes the requirements of section 902 of the Business Corporation Law. Section 902 (subd [a], par [3]) requires that the plan of merger set forth the manner and basis of converting the shares of each constituent corporation into shares of the surviving corporation or the cash or other consideration to be paid or delivered in exchange for shares of each constituent corporation. In our opinion there was no conversion or exchanging of shares by Julius Auserehl as contemplated by section 902. He held 10 shares of class A voting stock in Jamaica both before and after the merger. Although he exchanged his stock certificate for a new one, his shares in Jamaica remained unchanged. His shares in Jamaica were not converted for different shares. Consequently, we are of the view that section 902 did not require that the plan of merger refer to the 10 shares issued to Julius Auserehl, that these shares were properly issued, and the first and second causes of action were properly dismissed. Order and judgment affirmed, with costs. Sweeney, Main and Herlihy, JJ., concur; Greenblott, J. P., and Mikoll, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We respectfully dissent. Section 902 of the Business Corporation Law requires that the plan of merger set forth "the manner and basis of converting the shares of each constituent corporation into shares * * * of the surviving or consolidated corporation" (subd [a], par [3]). By some unexplained process of interpretation, the majority hold that this simple statute does not require a statement of conversion of any shares in a constituent corporation if the owner of the shares is to receive the same number of shares in the surviving corporation. We see no such exception in the statute. Even if the statute could be so interpreted, the majority would still have to hold that 10 shares in the constituent corporation are identical to 10 shares in the survivor. This is error. First, the surviving corporation is not the equivalent of its predecessor, Jamaica, since

the survivor includes the assets, liabilities and operations of Auserehl & Son as well. Second, shares in the survivor are not equivalent to shares in its constituents, either in number or value. Auserehl & Son had 716 shares of voting stock outstanding, Jamaica had 200 shares. The survivor has 2,010 authorized voting shares. Thus, to equate 10 shares of voting stock in Jamaica with 10 shares in the surviving corporation would obscure any legal distinction between a surviving corporation and its constituent and would do a disservice to basic principles of arithmetic. In viewing the situation as a whole, we find it impossible to conclude that plaintiffs were not misled in some fashion. They began with a majority share of two corporations and ended up with a minority share of a consolidated entity. While we do not question the wisdom of the merger plan which gave each faction 50% control, we do believe that the circumstances suggest that plaintiffs had no intention of relinquishing all power. They are entitled to a hearing to clarify the parties' intentions and to determine what Julius Auserehl is entitled to.